19SL-CC03884

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| **TIMOTHY GARTIN,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **MARYVILLE UNIVERSITY OF** | ) | |
| **ST. LOUIS,** | ) | |
| Registered Agent: | ) | |
| Mark Lombardi, PhD | ) | |
| 650 Maryville University Drive | ) | |
| St. Louis, MO 63141 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Timothy Gartin, by and through his attorneys, and on behalf of himself, and brings the following class action against Defendant, Maryville University of St. Louis ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1.     Plaintiff brings this action against Defendant for violations of the FCRA.

2.     Defendant obtained information concerning the Plaintiff from a third-party.

3.     Defendant paid a fee to a third-party entity for the information it obtained concerning the Plaintiff.

4.     The information obtained from the third-party entity, concerning the Plaintiff, was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5.     Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

6.      Defendant relies on information in a Consumer Report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7.      Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8.      On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9.      Plaintiff is a resident of St. Louis, Missouri.  Plaintiff is a member of the Putative Classes defined below.

10.     Defendant is a domestic company doing business in Missouri.

## JURISDICTION AND VENUE

11.     This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12.     Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(1).

## FACTUAL ALLEGATIONS

13.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14.     Plaintiff applied online with Defendant in or about August 2017.

15.     Plaintiff had a phone interview and was sent an offer of employment letter and onboarding paperwork.

16.     Plaintiff completed the onboarding paperwork.

17.     Defendant obtained a Consumer Report on the Plaintiff.

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

18.     Plaintiff received a letter revoking the employment offer, but no Consumer Report was included with the letter

19.     Plaintiff called Defendant and asked why his offer of employment was rescinded and was told they were not discussing the reasons.

20.     Plaintiff was not provided with an opportunity to address or contest the Consumer Report before the 2017 adverse action.

21.     Plaintiff applied online again with Defendant in or about August 2018.

22.     Plaintiff was told he would receive an offer of employment letter; Plaintiff never received a letter.

23.     Plaintiff called the Defendant and left a message.

24.     Plaintiff eventually received an email stating the he was not being hired due to his Consumer Report.

25.     Plaintiff was not provided with a copy of the Consumer Report relied upon by the Defendant in 2018.

26.     On information and belief, the two Consumer Reports procured by the Defendant would not have included the same information.

27.     Plaintiff was not provided with an opportunity to address or contest the Consumer Report prior to the 2018 adverse action.

28.     Denying the Plaintiff a job because of his Consumer Report is an Adverse Action (as an Adverse Action is defined pursuant to the FCRA).

29.     Plaintiff was not provided with an opportunity to view and/or address the information in the Consumer Report prior to the Adverse Action.

30.     Plaintiff was not provided with an FCRA summary of rights prior to the Adverse

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

Action.

31. Plaintiff did not understand his FCRA rights and did not know how or if he could challenge the Consumer Report.

32. Defendant's denial of employment prior to the receipt of the Consumer Report and the FCRA Summary of Rights left the Plaintiff confused regarding the ability to address any misleading information or inaccuracy in the Consumer Report.

33. Plaintiff may have been able to obtain employment if given the proper opportunity to explain, contest, and/or address the information in the Consumer Report.

34. Prior to obtaining a Consumer Report on the Plaintiff, the Defendant should have certified that before obtaining Consumer Reports on individuals for employment purposes, Defendant would provide a clear and conspicuous disclosure that a Consumer Report may be obtained for employment purposes in a document that consisted solely of the disclosure that a Consumer Report may be procured for employment purposes.

35. The agreements made between the Defendant and the Consumer Reporting Agency contain promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

36. Defendant is aware of the FCRA.

37. Defendant has knowledge that it must comply with the FCRA.

38. The FCRA creates a *de facto* contract between the Plaintiff and the Defendant that if the Defendant accesses a Plaintiff's private information contained in a Consumer Report then the Defendant will abide by the requirements of 15

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

U.S.C.§1681b(b)(3).

39.    Defendant obtained Plaintiff's and other individual's private information contained in Consumer Reports but violated the provisions of the FCRA and breached the de facto contract created by the Act.

40.    Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

41.    Defendant's failure to provide the Plaintiff with a copy of the Consumer Report, a reasonable notice period in which to challenge any inaccuracy in the Consumer Report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

42.    Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

43.    The manner in which the Defendant obtained a Consumer Report on the Plaintiff is consistent with its policies and procedures governing the procurement of Consumer Reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

44.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

45.    Plaintiff asserts the following proposed class defined as:

**ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after August 28, 2017, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the Consumer Report, and/or a written description of their rights in accordance with the FCRA in advance of said

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

adverse employment action.

## Numerosity

46.     The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to evaluate prospective and existing employees. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

## Common Questions of Law and Fact

47.     Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

a.      Whether Defendant uses Consumer Report information to conduct Consumer Reports on employees and prospective employees;

b.      Whether Defendant violated the FCRA by taking Adverse Action against Plaintiff and other members of the Adverse Action class on the basis of information in a Consumer Report, without first providing a copy of the report to the affected individuals;

c.      Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the Consumer Report prior to the adverse employment action;

d.      Whether Defendant's violations of the FCRA were willful;

e.      The proper measure of statutory damages and punitive damages.

## Typicality

48.     Plaintiff's claims are typical of the members of the proposed class. The FCRA

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses Consumer Reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

49. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

50. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

51. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

52. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

53. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

54. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS

55.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

56.     Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

57.     Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against the Plaintiff, and on information and belief, other members of the Adverse Action class.

58.     Defendant violated the FCRA by failing to provide Plaintiff, and other Adverse Action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the Adverse Action.

59.     Defendant violated the FCRA by failing to provide the Plaintiff and other Adverse Action class members with a reasonable time to address, explain, contest, and/or otherwise respond to the information being used against them in the Consumer Report is prior to taking an Adverse Action.

60.     Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

61.     Had Defendant complied with the FCRA, Plaintiff would have been given time to review, dispute and/or address the information contained in the Consumer Report.

62.     Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that was present within the Consumer Report before being denied employment.

63.     Plaintiff was not provided with a FCRA Summary of Rights prior to the Adverse

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

Action that was based in whole or in part upon the Consumer Report.

64.   The Defendant's failure to provide the Plaintiff a copy of the Consumer Report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

65.   Being provided a copy of the Consumer Report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against him.

66.   A copy of the Summary of Rights before denied employment would have helped the Plaintiff understand his rights and would have provided valuable information that may have assisted the Plaintiff in maintaining employment.

67.   Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

68.   The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other Adverse Action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a.   Defendant has access to legal advice through outside employment counsel;

   b.   Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the Consumer Report, and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

   c.   The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   d.   15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of Consumer Reports of the users legal obligations under the FCRA prior to the procurement of Consumer Reports.

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

69.    Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

70.    Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

71.    Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a.    An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b.    Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.    Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d.    Order finding that Defendant committed multiple, separate violations of the FCRA;

e.    Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f.    Order awarding statutory damages and punitive damages as provided the FCRA;

g.    Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

Electronically Filed - St Louis County - August 28, 2019 - 04:28 PM

h.    Order finding that the Defendant breached the implied contract with the Plaintiff and other class members;

i.    Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF